36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah G. MARTIN, Defendant-Appellant.
 No. 94-5031.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1994.
Decided September 8, 1994.
 
 Langdon D. Long, Assistant Federal Public Defender, Columbia, SC, for Appellant.
 J. Preston Strom, Jr., United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, SC, for Appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Deborah G. Martin appeals her conviction and sentence for mail fraud and aiding and abetting, in violation of 18 U.S.C.A. Sec. 1341 (West Supp.1994), 18 U.S.C. Sec. 1342 (1988). Martin's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that Martin's guilty plea was not knowing and voluntary, and that the district court erred in refusing to grant a motion for downward departure, but contending that there are no meritorious issues for appeal. Martin was notified of her right to file an additional brief. In response, she filed a pleading, in which she claimed that the district court erred in determining a two-point enhancement of her offense level pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 2F1.1(b)(2)(A) (Nov.1992) for "more than minimal planning." Martin also moved for substitution of counsel, claiming merely that her defense attorney failed to "represent[ ] her wishes."
 
 
 2
 In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. We find that Martin has shown no clear and convincing evidence to support reconsideration of her plea. See Little v. Allsbrook, 731 F.2d 238, 239-40 n. 2 (4th Cir.1984). We further find that Martin's claim that the district court erred in refusing to grant her motion for a downward departure is without merit. See 18 U.S.C.A.Sec. 3742 (West 1988 & Supp.1994); United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 3
 Finally, Martin's failure to object at sentencing to the alleged error in the two-point enhancement pursuant to U.S.S.G. Sec. 2F1.1(b)(2)(A), waived appellate review of the sentencing issue, absent plain error. United States v. Grubb, 11 F.3d 426, 440 (4th Cir.1993); see also United States v. Young, 470 U.S. 1, 15 (1985). There is no plain error apparent on this record as to this issue. To the extent Martin is claiming ineffectiveness of counsel in failing to raise the two-point enhancement issue below she must do so later in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988) unless it conclusively appears in the record that her attorney was ineffective. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Requiring the issue of the effectiveness of counsel to be litigated in a collateral proceeding allows the appellant the opportunity to develop an adequate record and provides the trial counsel an opportunity to explain his representation. Such a record is necessary to provide a reasoned judgment with respect to the effectiveness of trial counsel's performance. Id. Because no exceptional circumstances are present here, this Court will not now undertake a review of Martin's claim of ineffective assistance of counsel.
 
 
 4
 Because there are no complex or substantial issues presented in this appeal, we deny Martin's motion for appointment of substitute counsel.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of her right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED